IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JORDAN SMITH a/k/a LaJARVIS JERMAINE GORDEN, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 5:12-CV-40-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| Warden GLENN JOHNSON, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 19). For the reasons explained below, Defendants' motion should be granted in part and denied in part. Additionally, because it is recommended that Defendants' motion to dismiss be denied in part, it is further recommended that the stay upon discovery be lifted.

## BACKGROUND

Plaintiff's lawsuit relates to events that occurred during Plaintiff's previous confinement at Hancock State Prison ("HSP"). Plaintiff names the following HSP officials as Defendants: (1) Warden Glen Johnson; (2) Deputy Warden of Security George Ivey; (3) Officer Wakins; and (4) Officer Macklyn. According to Plaintiff, on November 16, 2011, fellow inmates attacked Plaintiff in the HSP day room and stabbed Plaintiff numerous times. (Compl. 4, ECF No. 1.) Prior to the attack, Plaintiff alleges that he informed the Defendants and his unit manager that Plaintiff and another inmate,

"Jabo," were under a separation order due to "prior incidents and gang activity." (Compl. 4.) Plaintiff contends that the Defendants ignored the separation order and assigned Plaintiff and Jabo to the same building. Plaintiff also avers that Defendant Wakins was not at her post when the stabbing occurred. (*Id.*) According to Plaintiff, Jabo "instigated/provoked and ordered the stabbing." (*Id.*) It is unclear from the Complaint if Jabo participated in the stabbing. As a result of the stabbing, Plaintiff needed staples in his head and stitches in his back, shoulder, and head. (*Id.*)

## DISCUSSION

### I. Standard of Review

When considering a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded

2

complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. To the extent that Plaintiff sues Defendants in their official capacities, Defendants argue that those claims must be dismissed because the Defendants are entitled to Eleventh Amendment immunity. As explained below, the Court agrees. Defendants also contend that the claims against them in their individual capacities should be dismissed for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and because the Defendants are entitled to qualified immunity. Because the Court finds that there is a question of fact over whether a Constitutional violation occurred in this case, the Court recommends that Defendants' motion to dismiss be denied regarding Plaintiff's claims against the Defendants in their individual capacities.

### A.     Official Capacity Claims

Defendants move to dismiss the claims against them in their official capacities claiming that they are entitled to Eleventh Amendment immunity. It is unclear from the Complaint whether Plaintiff intended to sue Defendants in their official capacities. However, for purposes of this Recommendation, the Court assumes that Plaintiff intended to sue Defendants in both their official and individual capacities. To the extent that Defendants are sued in their official capacities, the Court agrees that they are entitled to be

dismissed because they are immune from suit.

"The Eleventh Amendment protects a State from being used in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).[1] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As such, it is no different from a suit against the State itself," *Id.*, which fails because of Eleventh Amendment immunity. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) ("Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens.").

Here, Plaintiff has sued the Warden and several officers at Hancock State Prison, a prison run by the Georgia Department of Corrections. A suit against these Defendants in their official capacities is therefore a suit against the Georgia Department of Corrections—i.e. the State of Georgia itself. Such a suit is barred by Eleventh Amendment immunity.[2] Likewise, Defendants in their official capacities are not

---

[1] The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

[2] The State of Georgia has not waived this immunity. The Georgia Constitution provides that "[n]o waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United

considered "persons" for purposes of 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims.  *Id*.  Defendants are thus entitled to dismissal for the claims made against them in their official capacities.

### B.       Individual Capacity Claims

Defendants also contend that the claims against them in their individual capacities should be dismissed for failure to state a claim and because they are entitled to qualified immunity.  Specifically, Defendants aver that Plaintiff has failed to state a claim for failure to protect because Plaintiff has merely provided "threadbare" and "conclusory" allegations against the Defendants.  (Br. in Supp. of Mot. to Dismiss 9.)  Assuming that Plaintiff has stated a claim, Defendants also contend that they are entitled to dismissal because qualified immunity protects them from suit.  (Br. in Supp. of Mot. to Dismiss 10-12.)  As explained below, taking Plaintiff's statements as being true as the Court must do on a motion to dismiss, the Court finds that Plaintiff sufficiently alleged a failure to protect claim against the Defendants to survive a motion to dismiss.

#### 1.       Failure to Protect Claim

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks and citations omitted).  "[P]rison officials have a duty . . . to

---

States Constitution."  Ga. Const. art. I, § 2, ¶ 9(f).

5


protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks and citation omitted) (ellipses in original). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, "[a]n Eighth Amendment violation will [only] occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond[] reasonably to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks and citations omitted) (second alteration in original). At the summary judgment stage of a failure to protect proceeding, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The motion presently in front of the Court, however, is not a motion for summary judgment. Plaintiff alleges in his complaint that Plaintiff and another inmate "nick-named 'Jabo' were under a sep[a]ration order [due] to prior incidents and gang activity[;]" that Plaintiff and Jabo were "not to be housed in the same area[;]" and that Defendants ignored the separation order. (Compl. 4.) Further, Plaintiff alleges that the Defendants were "forewarned" that he and Jabo were under a separation order. (*Id.*) Plaintiff also contends that because Defendants ignored the separation order, he was stabbed in the "cell block day room . . . numer[o]us times with a homemade knife 'shank' requiring nine staples in his head, five sti[t]ches, also in the head, two sti[t]ches in the shoulder, and[] three sti[t]ches in [the] back[.]" (Compl. 4.) Specifically, Plaintiff states that "inmate

6

'Jabo' instigated[,] provoked and ordered the stabbing." (*Id.*) These factual allegations are sufficient to state a claim for an Eighth Amendment failure to protect claim. *See, e.g., Watts v. Fla. Int'l Univ.,* 495 F.3d at 1295 ("Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable[.]'") (quoting *Twombly,* 550 U.S. at 556); *see also generally Meyer v. Snyders Lance, Inc.*, No. 4:12-cv-215, 2012 WL 6913724 (M.D. Ga. Dec. 12, 2012). Defendants' motion to dismiss regarding the Eighth Amendment failure to dismiss claims should be denied.

### 2. Qualified Immunity

Defendants also contend that Plaintiff's Complaint should be dismissed because they are entitled to qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (internal quotation marks and citation omitted). "A government official claiming qualified immunity must first establish that he was acting within his discretionary authority." *D.S. ex rel. Stinson v. Cnty. of Montgomery, Ala.*, 286 F. App'x 629, 633 (11th Cir. 2008). "Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (citation omitted). In order to determine whether the defendant is entitled to qualified immunity, the Court

7

engages in "a two-step analysis: (1) whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and, if so, (2) whether the right violated was clearly established." *Smith v. Vavoulis*, 373 F. App'x 965, 966 (11th Cir. 2010).  The Court may consider the two prongs of the qualified immunity analysis in either order.  *Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009).

Here, it is undisputed that the Defendants were acting within their discretionary authority.  The Court therefore must determine whether the Plaintiff has sufficiently alleged that the officials' conduct violated a clearly established constitutional right.  As explained above, the Court has found that Plaintiff has alleged a constitutional violation.  Furthermore, "[i]t is well settled that [a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Hale*, 50 F.3d at 1582.  It is therefore recommended that Defendants' motion to dismiss based on qualified immunity be denied.

## III. Order to Stay

On April 9, 2012, this Court granted Defendants' request to stay discovery pending the resolution of their motion to dismiss.  Because it is recommended that the motion to dismiss be denied in part, the Court further recommends that the stay be lifted and discovery be allowed to commence in this case.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 19) be granted in part and denied in part as discussed above. It is further recommended that the order to stay be lifted and discovery order to commence. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 8th day of February, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE