IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JORDAN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-40 (MTT) ) |
| Warden GLENN JOHNSON, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Stephen Hyles. (Doc. 27). Judge Hyles recommends granting in part and denying in part the Defendants' Motion to Dismiss (Doc. 19). The Defendants have filed an Objection to the Recommendation, arguing the Plaintiff has not adequately stated a failure to protect claim and that the Defendants are shielded by qualified immunity.

The Court concedes the Plaintiff's allegations appear thin. Yet the Plaintiff has alleged he was injured when "Jabo," a fellow inmate, "instigated[,] provoked and ordered"[1] an attack against him that was made possible by their being housed in the same building. (Doc. 1 at 4). Further, he has alleged the existence of a separation order of which the "Defendants were forewarned" yet for some reason ignored. This

---

[1] The Defendants object to this construction of the Plaintiff's allegations, which the Magistrate Judge adopted. They contend that because this is language the Plaintiff used when he reported the attack to internal affairs officials, it is somehow less credible and does not fully convey his allegations. The Defendants instead prefer to interpret the Plaintiff's words in a manner that undermines his complaint. Given that the Plaintiff's pro se status requires his allegations to be liberally construed, the Court does not find the Defendants' objection on this point particularly persuasive.

implies their subjective knowledge of and disregard for a risk to the Plaintiff's safety. Consequently, it may plausibly be inferred that any or all of the Defendants were deliberately indifferent to the separation order and that this deliberate indifference caused the Plaintiff's injuries. That doesn't mean the Plaintiff's claims are likely to pan out, but at this stage of the proceedings, before evidence has been placed in the record, this Court will not dismiss the pro se Plaintiff's allegations. As Judge Land has observed, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Meyer v. Snyders Lance, Inc.*, 2012 WL 6913724 at *1 (M.D. Ga.) (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)).

For similar reasons, the Court at this time does not accept the Defendants' qualified immunity argument. The Plaintiff has alleged a constitutional violation, and it is clearly established that a prison official's deliberate indifference violates the Eighth Amendment. But without additional evidence, the Court cannot adequately compare the facts of this case to applicable case law to determine what is and is not clearly established. Therefore, a finding of qualified immunity is inappropriate at this juncture.

Accordingly, the Recommendation is **ADOPTED** and made the Order of this Court. To the extent the Defendants are sued in their official capacities, the Defendants' motion is **GRANTED** and those claims are dismissed. However, as to claims against the Defendants in their individual capacities, the Defendants' motion is **DENIED**.

**SO ORDERED**, this 21st day of March, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
