IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JORDAN SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-40-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden GLENN JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' second motion to dismiss (ECF No. 31). Specifically, Defendants claim that Plaintiff's Complaint should be dismissed under Federal Rules of Civil Procedure Rules 37 and 41 because Plaintiff failed to participate in discovery. For the reasons explained below, Defendants' motion should be granted.

### BACKGROUND

This action arises out of an incident that occurred while Plaintiff was confined at Hancock State Prison (HSP). Plaintiff contends that he was attacked by fellow inmates under the direction of inmate "Jabo" who was supposed to be separated from Plaintiff under a separation order. (Compl. 4, ECF No. 1.) Defendants allegedly ignored this separation order, which Plaintiff claims resulted in the attack upon his person. (*Id.*)

Defendants initially moved to dismiss on April 9, 2012 (ECF No. 19) for failure to state a claim and under the doctrine of qualified immunity. That motion was granted in

part and denied in part on March 21, 2013.  (Order, ECF No. 29.)  Additionally, the previous order staying discovery in this case was lifted on March 21 due to the Court's ruling on Defendants' motion to dismiss.  (*Id.*)

Thereafter, on June 3, 3013, Defendants served Plaintiff with a notice of deposition scheduling Plaintiff's deposition for June 27, 2013.  (Mot. to Dismiss Ex. A, ECF No. 31-1.)  This notice of deposition was sent to Plaintiff's address as provided by Plaintiff in a notice of change of address received on October 4, 2012.  (ECF No. 26.)  Plaintiff has provided the Court with no other address or contact information for Plaintiff.  Plaintiff failed to appear at the June 27 deposition.  (Certificate of Nonappearance 4, ECF No. 31-2.)  Consequently, Defendants filed the pending motion to dismiss on July 9, 2013, because they are unable to continue with their case without some response from Plaintiff.  The Court ordered Plaintiff to respond to Defendants' motion to dismiss on July 11, 2013 (ECF No. 33); however, Plaintiff has failed to file any response to Defendants' motion.

## DISCUSSION

### I.     Standard of Review

Federal Rules of Civil Procedure Rules 37(b) and 41(b) allow the Court to dismiss a plaintiff's complaint if a plaintiff has failed to comply with a Court's Order.  *See, e.g., Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999) ("Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.").  "Dismissal under [Rule 37 and 41], while an extreme sanction, is appropriate where a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and the district court specifically finds that

lesser sanctions would not suffice." *Pippen v. Georgia-Pacific Gypsum, LLC*, 408 F. App'x 299, 303 (11th Cir. 2011) (internal quotation marks and citation omitted). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process." *Gratton,* 178 F.3d at 1374.

## II.     Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint pursuant to Rules 37(b) and 41(b) for Plaintiff's failure to cooperate in discovery, failure to prosecute, and failure to obey a lawful order. (Mot. to Dismiss 1.) Plaintiff has not cooperated in discovery as evidenced by his failure to attend his scheduled deposition. By not cooperating in discovery, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and with this Court's February 8, 2012 Order. (ECF No. 5.) In that Order, Plaintiff was explicitly warned that his "failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure." (Order 6, Feb. 8, 2012.) Additionally, in the February 8 Order, Plaintiff was reminded of his duty to "diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.* at 5.) Finally, Plaintiff has failed to comply with the Court's July 11, 2013 Order in that he did not file response to Defendants' motion to dismiss. (ECF No. 33.)

The Court finds that Plaintiff has engaged in a pattern willful contempt through his failure to comply with the Court's orders and failure to appear at his deposition. In order to prevent further delay and unfair prejudice to the Defendants, Plaintiff's Complaint should be dismissed. It is thus recommended that Plaintiff's complaint be dismissed with

prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss (ECF No. 31) should be granted.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 14th day of November, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE